**UNITED STATES of America,
Appellee,**

v.

**Vincent J. DANIELE, Nino J. Pontari,
Larry D. Thompson, George W. Gorman, II, Dana S. Racine, William S.
Yager, Joseph D. Nolan, Sean T. Dubanowich, Defendants,**

Christopher R. Saffaras, Defendant–
Appellant.

Docket Nos. 01–1378(L), 01–
1384 and 01–1391.

United States Court of Appeals,
Second Circuit.

Aug. 21, 2002.

Matthew M. Robinson, Cincinnati, OH,
for Appellant.

Barbara D. Cottrell, Assistant United
States Attorney, for Joseph A. Pavone,
United States Attorney for the Northern
District of New York, Albany, N.Y. (Carlos
A. Moreno, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: JACOBS, LEVAL and
KATZMANN, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby
is AFFIRMED.

Defendant Christopher Saffaras appeals
from a sentence imposed by the United
States District Court for the Northern
District of New York (Kahn, *J.*), following
his plea of guilty to participating in a
conspiracy to possess and distribute marijuana with eleven co-defendants. In calculating Saffaras's sentencing range, the district court included an upward adjustment
under U.S.S.G. § 3B1.1(a) for Saffaras's
role as an organizer or leader of a criminal
activity involving at least five participants.
On appeal, Saffaras argues that the court
erred in finding him to be an organizer or
leader and in failing to articulate a legal
basis for enhancing his sentence accordingly. Finding no error, we affirm.

The district court adopted the findings
of the Pre Sentence Report (PSR). While
the PSR consisted in large part of an
unattributed narrative statement of Saffaras's activities, which we do not credit,
it also included documented sources, including in some cases Saffaras's own admissions, regarding his organizing and
leadership activities. Examples included
Saffaras's admission that he sent a courier
to pick up marijuana on a certain date, as
well as the statements of confidential
sources and co-defendants which showed
that Saffaras coordinated and controlled
various activities of the marijuana conspiracy. Although Saffaras disputed the information contained in the PSR, and stated at the sentencing hearing that he was
not a leader but rather that all members
of the conspiracy worked together, there
was sufficient evidence to support the district court's decision to apply the upward
adjustment under U.S.S.G. § 3B1.1(a).

Nor did the district court err in failing
to articulate the basis for its findings and
its enhancement of Saffaras's sentence
based on his leadership role. While a
sentencing court is required to make findings as to disputed facts in order to permit
appellate review, adoption of the findings
of the PSR is sufficient. *See United
States v. Thompson,* 76 F.3d 442, 456 (2d
Cir.1996). Here, the court articulated its
reliance upon the factual findings of the
PSR and thereby sufficiently explained the
basis for its findings. We uphold the sentence imposed by the district court.